FILED'09 JAN 23 12:08USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAREY ANDREW MARKWELL,             CV. 08-1346-ST

       Plaintiff,                   ORDER TO DISMISS

     v.

WARDEN J.E. THOMAS,

       Defendant.

BROWN, District Judge.

     Plaintiff, an inmate at FCI-Sheridan, filed this civil rights action as a 28 U.S.C. § 2241 habeas case. In its Order granting plaintiff's *in forma pauperis* application, the court construed this action as arising out of *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). For the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

### BACKGROUND

     Plaintiff alleges that the Bureau of Prisons ("BOP") is denying him treatment for his Hepatitis C infection based on his

1 - ORDER TO DISMISS

alleged alcohol abuse. Petitioner asserts that this amounts to deliberate indifference to his serious medical need in violation of the Eighth Amendment, and asks the court to order defendant to monitor and treat his Hepatitis C infection.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

(B)  the action . . .

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

"Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). "Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045

3 - ORDER TO DISMISS

(9th Cir. 1989); *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996). A supervisor is liable for the constitutional violation of his or her employee if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d at 1045. There is no respondeat superior liability under § 1983. *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978); *Taylor*, 880 F.2d at 1045.

Plaintiff names Warden Thomas as the sole defendant in this case, but fails to allege that Warden Thomas personally participated in the deprivations he describes. Indeed, plaintiff merely claims that the "Bureau of Prisons" is denying him treatment for his Hepatitis C. Not only is the BOP not named as a defendant in the caption of the Complaint as required by Fed. R. Civ. P. 10(a), but any claim against the BOP would be barred by the doctrine of sovereign immunity. *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). For these reasons, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (docket #2) is DISMISSED for failure to state a claim. Should plaintiff wish to continue with this case, he must file an

4 - ORDER TO DISMISS

Amended Complaint curing the deficiencies noted above within 30 days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 23rd day of January, 2009.

_____
Anna J. Brown
United States District Judge

5 - ORDER TO DISMISS